IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 2, 2020

## APRIL HAWTHORNE v. MORGAN & MORGAN NASHVILLE PLLC ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-19-1232     Jim Kyle, Chancellor**

―――――――――――――――――――――――

**No. W2020-01495-COA-T10B-CV**

―――――――――――――――――――――――

A Tennessee Supreme Court Rule 10B petition for recusal appeal was filed in this Court following the denial of a motion that sought the disqualification of the trial court judge. For the reasons stated herein, we affirm the trial court's denial of the motion.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Darrell G. Townsend, Nashville, Tennessee, for the appellants, Morgan & Morgan Nashville Management, Inc., Kathryn Elaine Barnett, Morgan & Morgan - Nashville PLLC, Morgan & Morgan PA, and John Bryan Morgan.

John Timothy Edwards and Frank L. Watson, III, Memphis, Tennessee, for the appellee, April Hawthorne.

## OPINION

### Background and Procedural History

This is an accelerated interlocutory appeal filed pursuant to Tennessee Supreme Court Rule 10B. The appeal arises out of litigation in the Shelby County Chancery Court, where the Appellee/Respondent, April Hawthorne ("Ms. Hawthorne"), filed a proposed class action lawsuit asserting claims for legal malpractice, breach of fiduciary duty, negligent supervision, aiding and abetting breach of fiduciary duty, and punitive damages ("the Malpractice Suit"). This lawsuit was brought against attorneys who had represented Ms. Hawthorne and others in a prior class action case in Chancery Court, one that

concerned the mishandling of human remains at the Galilee Memorial Gardens cemetery. In her first amended complaint in the Malpractice Suit, Ms. Hawthorne asserted that the named Defendant attorneys, "along with their corporate affiliates, recklessly consider[ed] themselves to be infallible . . . [and] wielded total control of the Galilee Class Action . . . and egregiously and inexcusably refused to entertain, respond to, and accept over $25 million dollars in settlement offers made by the Funeral Home Defendants during the trial of the Galilee Class Action." According to a subsequently-filed second amended complaint in the Malpractice Suit, wherein it appears that an attempt was made to recast the amount and nature of the damages at issue in the case,[1] Ms. Hawthorne specifically charged that the Defendants had "egregiously and inexcusably refused to entertain, respond to, and accept over $14,475,000.00 in settlement offers made by the Funeral Home Defendants during the trial of the Galilee Class Action, leading Plaintiff and the Class Members to suffer $11,124,250.00 in liquidated damages."

Although the Malpractice Suit was originally assigned to Part I of the Shelby County Chancery Court, it was subsequently transferred to Part II. Of note, Part II of the Shelby County Chancery Court is currently presided over by Chancellor Jim Kyle, the same Chancellor who oversaw the prior Galilee Class Action litigation. This proved to be a point of contention for the named Defendants in the Malpractice Suit, who filed a "Motion for

---

[1] Although briefing has been submitted to this Court regarding whether this case involves unliquidated damages and therefore should properly be in Circuit Court as opposed to Chancery, we make no further inquiry into the matter in this Opinion. As it is, there is no indication in the briefing that the Appellants ever objected by plea in the trial court that the case involved unliquidated damages and therefore should be in Circuit Court. There is nothing prohibiting the Chancery Court from exercising jurisdiction over the case in the absence of such an objection. Tennessee Code Annotated section 16-11-102 instructs as follows:

> (a) The chancery court has concurrent jurisdiction, with the circuit court, of all civil causes of action, triable in the circuit court, except for unliquidated damages for injuries to person or character, and except for unliquidated damages for injuries to property not resulting from a breach of oral or written contract; and no demurrer for want of jurisdiction of the cause of action shall be sustained in the chancery court, except in the cases excepted.

> (b) **Any suit in the nature of the cases excepted in subsection (a) brought in the chancery court, <u>where objection has not been taken by a plea to the jurisdiction, may be transferred to the circuit court of the county, or heard and determined by the chancery court upon the principles of a court of law</u>**.

Tenn. Code Ann. § 16-11-102 (emphases added). Based on the submissions before us, Ms. Hawthorne's complaint was recently amended, and we do not intend to suggest that Appellants are foreclosed on remand from raising any jurisdictional grievance they may have with respect to the prosecution of that complaint in the Chancery Court. We merely note that, there being no evidence of an objection taken by a plea to jurisdiction in the trial court, there is no basis to presently conclude that the Chancery Court is not permitted to hear the lawsuit. Our present inquiry is singularly confined to whether the Chancellor at issue erred in denying the Appellants' motion for disqualification.

Disqualification of Judge" seeking Chancellor Kyle's recusal. In pertinent part, the Defendants' motion for disqualification stated that Chancellor Kyle had personal knowledge of facts which were in dispute and that, because of his personal involvement in the Galilee Class Action litigation, he was likely to be a witness in the Malpractice Suit. Ms. Hawthorne filed a response in opposition to the motion, and later, on October 9, 2020, the trial court judge entered an order denying the Defendants' motion for disqualification. In relevant part, this order held as follows:

> This Court is unable to provide any testimony regarding the attorneys' actions in negotiating settlements . . . because all of these negotiations took place outside of the courtroom. Accordingly, this Court has no personal knowledge of the disputed settlements at issue in this case. Because a witness may not be called to testify unless the witness has personal knowledge of the matter, it is this Court's opinion that it cannot be called as a material witness in this case.

The present appeal followed when the Defendants in the Malpractice Suit, the Appellants herein, filed a petition for recusal appeal in this Court on October 30, 2020 pursuant to Tennessee Supreme Court Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.01 ("If the trial court judge enters an order denying a motion for the judge's disqualification or recusal . . . the trial court's ruling . . . can be appealed in an accelerated interlocutory appeal as of right."). On November 3, 2020, this Court entered an order directing Ms. Hawthorne to file an answer to the petition. That answer having since been filed and, further, being of the opinion that the parties' submissions are sufficient to foster a review of this matter, we proceed to adjudicate this appeal without oral argument. *See* Tenn. Sup. Ct. R. 10B, § 2.06 (providing that the accelerated interlocutory appeal shall be decided on an expedited basis and, in the court's discretion, without oral argument).

## Issue on Appeal and Standard of Review

In this appeal, we are tasked with deciding whether the trial court erred in denying the Defendants' motion to disqualify the trial court judge. A trial court's ruling on a motion for disqualification or recusal is reviewed under a de novo standard of review. Tenn. Sup. Ct. R. 10B, § 2.01.

## Discussion

"The right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)). Preserving public confidence in judicial neutrality, however, requires more than ensuring that a judge is impartial in fact. *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). It is also important that a judge be perceived to be impartial. *Id.* In keeping with this principle, Tennessee Supreme Court Rule 10,

Code of Judicial Conduct Rule 2.11 provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Even when a judge sincerely believes that he or she can preside over a matter in a fair and impartial manner, recusal is nonetheless required where a reasonable person "in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). As noted by the Defendants in their "Motion for Disqualification of Judge," Tennessee Supreme Court Rule 10, Code of Judicial Conduct Rule 2.11 requires, *inter alia*, that a judge shall disqualify himself or herself if the judge has "personal knowledge of facts that are in dispute" or if the judge is "likely to be a material witness in the proceeding."

In this matter, the Defendants contend that they will be calling Chancellor Kyle as an essential witness to prove the falsity of Ms. Hawthorne's allegation that the Galilee Class Action would have settled for huge sums but for alleged malpractice. Chancellor Kyle will be a key witness, they suggest, due to the requirement that settlements in class actions must garner the consent of the trial court. According to their argument, "only Chancellor Kyle . . . can offer testimony on the key issue of what would have been reasonable proposed settlements which would have been approved by the trial court with non-settling defendants in the underlying case." Although the Defendants correctly note the responsibility that trial judges have relative to settlements in class action proceedings, we are not persuaded by their argument that recusal is required here or that Chancellor Kyle will be a witness relative to the Malpractice Suit.

As an initial matter, we observe that the theory of the Malpractice Suit is not even predicated on factual questions of which Chancellor Kyle has any knowledge. The pleadings filed by Ms. Hawthorne make clear that the negligence asserted against the Defendants is related to negotiations occurring outside of trial. Indeed, as the second amended complaint states:

> Plaintiff does not allege that Defendants engaged in any malpractice in connection with the litigation of the trial of the underlying Galilee Class Action Lawsuit. Plaintiff does not allege that Defendants engaged in any "misconduct" that any person in the courtroom, including the Chancellor who tried the matter, could observe in open court. Plaintiff's malpractice claims arise solely out of the egregious and unethical behavior alleged herein whereby Defendants refused to consider the Funeral Home Defendants' settlement offers and their ability to pay and their unethical practice of withholding these settlement offers from the named Class representatives and the Class Members.

- 4 -

Of course, as we have already noted, when Chancellor Kyle denied the Defendants' "Motion for Disqualification of Judge," he reasoned that there was no basis to even attempt to call him as a material witness because he had "no personal knowledge of the disputed settlements at issue."

The Defendants assert that this reasoning is overly narrow and ignores the role Chancellor Kyle would have had in potentially approving the settlement offers Ms. Hawthorne places at the forefront of her Malpractice Suit. They appear to reason that Chancellor Kyle must necessarily testify as to how he would have dealt with any settlement offers in order to allow the jury to determine whether final approval would have been given to any class settlements in the Galilee Class Action. As explained below, we respectfully disagree with the Defendants' conclusion that such a question would be one for the jury such that Chancellor Kyle would need to testify. Thus, this cited basis for disqualification, i.e., that Chancellor Kyle is likely to be a material witness in the Malpractice Suit, is without support.

In a claim for legal malpractice, a plaintiff must establish the following elements:

(1) that the accused attorney owed a duty to the plaintiff, (2) that the attorney breached that duty, (3) that the plaintiff suffered damages, (4) that the breach was the cause in fact of the plaintiff's damages, and (5) that the attorney's negligence was the proximate, or legal, cause of the plaintiff's damages.

*Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001). In order to prove damages in the malpractice suit, the plaintiff must "prove that he would have obtained relief in the underlying lawsuit, but for the attorney's malpractice; consequently, the trial of a legal malpractice claim becomes, in effect, a 'trial within a trial.'" *Shearon v. Seaman*, 198 S.W.3d 209, 214 (Tenn. Ct. App. 2005). No doubt, the assertion here is that favorable settlements in the underlying lawsuit would have been achieved absent the Defendants' negligence. Clearly, therefore, that is part of the case Ms. Hawthorne must establish in her "trial within a trial." In our view, however, the jury is not in a position to make the determination of whether any alleged settlements would have been approved in the underlying litigation. That question is for the court, not the jurors as factfinders, and therefore, there is no basis to solicit supposed factual testimony from Chancellor Kyle on the question. He does not need to testify.

We reach our conclusion on this issue as a result of the duty that a trial judge has to approve settlements in class actions. *See* Tenn. R. Civ. P. 23.05 ("A certified class action shall not be voluntarily dismissed or compromised without approval of the court."). Indeed, it is not within the province of a jury in the Malpractice Suit to find whether such a settlement would have been approved because that would not have been a factual question for the jury in the Galilee Class Action. *See Piscitelli v. Friedenberg*, 105 Cal. Rptr. 2d 88, 99 (Cal. Ct. App. 2001) (noting that there are "numerous out-of-state authorities

holding that in legal malpractice cases, whether a court or jury decides the underlying case-within-a-case does not turn on the identity or expertise of the trier of fact, but whether the issues are predominately questions of fact or law"). Approval of a class action settlement is a discretionary judicial function. *In re Pacer Int'l, Inc.*, No. M2015-00356-COA-R3-CV, 2017 WL 2829856, at *5 (Tenn. Ct. App. June 30, 2017).

Although it did not specifically deal with class action settlements, a case from the Illinois Court of Appeals, *First National Bank of LaGrange v. Lowrey*, 872 N.E.2d 447 (Ill. App. Ct. 2007), is particularly instructive for our purposes here. There, the court considered a legal malpractice case that stemmed from a medical malpractice action pursued as a result of physical and mental injuries that a minor suffered at birth. The legal malpractice case centered on allegations that counsel had rejected a $1 million settlement offer from the medical malpractice defendants without discussing it with the minor child's mother. *Id.* at 455-56. On appeal, the *Lowrey* court noted that, "because the underlying medical malpractice action involved a minor, the trial court would have had to approve any settlement agreed to by the parties." *Id.* at 468. The court then considered whether, in the legal malpractice case, it was the responsibility of the trial court or jury to determine whether approval would have been given to the settlement in the medical malpractice action. The court ultimately determined this responsibility was with the trial court, not the jury, explaining in pertinent part as follows:

> [W]e conclude that the issue of whether the trial court would have approved the settlement is a question of law to be decided by the trial court in the legal malpractice case. A review of the law applicable to a minor involved in litigation convinces us that this issue must be decided by the trial court. In Illinois, a minor involved in litigation is a ward of the court, and it is the court that is vested with the duty and discretion to protect the minor's interests. *Wreglesworth v. Arctco, Inc.,* 316 Ill.App.3d 1023, 1026, 250 Ill.Dec. 495, 738 N.E.2d 964 (2000). Moreover, consistent with that duty, it is the trial court that is statutorily required to approve or reject any settlement agreed to on the minor's behalf. See 755 ILCS 5/19–8 (West 2004). We do not believe that the jury should assume a role in a legal malpractice case that the legislature has specifically committed to the discretion of the trial court. To do so would be contrary to the legislature's intent and would give the jury a power in the context of a legal malpractice case that it would not otherwise possess. Accordingly, we find that it was the responsibility of the trial judge in the legal malpractice case to determine whether the settlement would have been approved by the court in the underlying medical malpractice action.

*Id.* at 470.

A similar logic applies in the legal malpractice action here. Any approval of settlement offers would have been a discretionary decision for the trial court to make in the Galilee Class Action. It was a judicial decision, not a factual determination. As such, the

- 6 -

jury has no role in the Malpractice Suit in determining that particular component of the case. Therefore, the claimed need for Chancellor Kyle's testimony on the subject is wholly without support.[2]

## Conclusion

In light of the foregoing discussion, we conclude that Chancellor Kyle will not likely be a material witness in the litigation. Accordingly, the trial court's denial of the "Motion for Disqualification of Judge" is hereby affirmed.

s/ Arnold Goldin
ARNOLD GOLDIN, JUDGE

---

[2] There is also some suggestion by the Defendants that they will call Chancellor Kyle to testify as to other matters, matters they assert will later be injected into the lawsuit in future pleadings. In a declaration submitted with the "Motion for Disqualification of Judge," one of the Defendants, alluding to third-party claims yet to be asserted, claims that a significant issue in the case will be who had what responsibilities to communicate with the class members and class representatives. Building on this point in their petition for recusal appeal, the Defendants assert that only Chancellor Kyle can testify concerning the responsibilities imposed by his orders. As an initial matter, we are of the opinion that this asserted basis for recusal is somewhat premature. It is predicated on the notion that additional claims will later be asserted. We decline the invitation to hold that the trial judge should have recused himself on the basis that certain allegations, if asserted, would justify disqualification. We will not pass on the question in this appeal, but we do note that Ms. Hawthorne makes several compelling arguments in response, among others, that the testimony supposedly needed on these subjects is either available from the existing record or would be inappropriate advisory or expert legal testimony. Assuming *arguendo* we agreed that the unpled allegations relied upon by the Defendants would warrant the Chancellor's disqualification, we would in effect be mandating recusal on a record that does not yet exist. This we will not do.